**UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

In Re:                                                                     Case No.: 10-12957 swd
                                                                                        Chapter 13
    Richard Eugene Jackson and                        Honorable: Scott W. Dales
    Diane Lynn Jackson,                                      Filed: October 29, 2010

# CHAPTER 13 PLAN

(XX) Original          ( ) Amendment No. _____          ( ) Pre-confirmation          ( ) Post-confirmation

I.  **GENERAL PROVISIONS**
This plan will use the term "Debtor" to refer to the person or both persons who filed the Petition in this case. Terms listed after a "( )" are applicable only if the box is checked.

   A.  **PLAN PAYMENTS.** The Debtor submits all or such portion of Debtor's future income to the control of the Trustee as in, or may be necessary for the execution of the Plan. The Debtor, or Debtor's employer, shall pay to the Trustee the sum of $3,000.00 ( ) week ( ) bi-weekly ( ) semi-monthly (XX) monthly, or ( ) other _____.

     Pursuant to Local Rule 3015(c): the Debtor shall submit all disposable income directly to the control and supervision of the Trustee. If the Debtor becomes 30 days delinquent in making payments under the Plan, the Trustee may submit a Payroll Order to the Court with an appropriate affidavit (copies to the Debtor and the Debtor's Counsel) and the Court may enter the Payroll Order without further hearing. The Debtor shall notify the Trustee immediately of any change of employment until the Plan is completed.

     **Pursuant to 11 U.S.C. Section 1326 the Debtor shall commence making payments not later than 30 days after the date of the filing of the Plan or the Order for Relief, whichever is earlier.**

     Pursuant to the Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income the Applicable Commitment Period is:

                    _____ 3 years; or

                    __XX___ 5 years.

   B.  **LIQUIDATION TEST.** The amount to be distributed on each allowed unsecured claim under the Plan shall not be less than the value as of the Petition date of the amount that would be paid on such a claim if the estate of the Debtor was liquidated under Chapter 7 of the Bankruptcy Code.

   C.  **DISPOSABLE INCOME AND TAX REFUNDS.** If this Plan provides for a dividend of less than 100% to all filed and allowed general unsecured creditors, the Debtor agrees to pay into the Plan all disposable income as defined in 11 U.S.C. 1325 (b)(2) for a period of not less than the Applicable Commitment Period or completion of the Plan, including but not limited to: income tax refunds, property tax credits, gambling winnings, inheritances, judgments, settlements, etc. received during that period. The Debtor agrees to maintain the same

level of exemptions as when the case was filed, except as dictated by a change in dependency allowance(s) and/or marital status. The Trustee shall have the discretion to increase the percentage to unsecured creditors as a result of additional payments made under this provision.

D. **BALLOON PAYMENT.** The Debtor shall remit such additional sums as may be necessary to complete payments required under the Plan within 60 months of Plan confirmation. This provision is not in lieu of or a substitute for regular Plan payments.

E. **VESTING OF ESTATE PROPERTY.** Upon confirmation of the Plan, all property of the estate shall vest in the Debtor, except for: (i) the future earnings of the Debtor; (ii) additional disposable income as defined in Paragraph 1C; and (iii) other property specifically devoted to the Plan.

F. **PROHIBITION AGAINST INCURRING POST-PETITION DEBT AND DISPOSAL OF PROPERTY.** During the term of this Plan, the Debtor shall not incur post-petition debts in excess of $1,000.00 without first obtaining approval from the Court, and may not dispose of any real or personal property with a value greater than $1,000.00 without obtaining the consent of the Court pursuant to 11 U.S.C. §364.

G. **UNSCHEDULED CREDITORS FILING CLAIMS.** If a creditor's claim is not listed in the schedules, but the creditor nevertheless files a timely proof of claim, the Trustee is authorized to classify the claim into one of the classes under this Plan, and to repay the claim within that class, unless the claim is disallowed.

H. **ALLOWANCE OF LATE FILED CLAIMS.** Any claim that is late-filed for omitted pre-petition creditors due to failure to receive notice of the Bankruptcy Petition filing shall be allowed as timely filed after the Debtor has filed a proper motion and hearing on the allowance of said claim has been held.

I. **PLAN REFUNDS.** The Trustee may in the exercise of his duties to assist the Debtor in performance under the Plan, grant reasonable refunds to the Debtor from funds paid to the Trustee but not distributed to Creditors, to meet emergency situations which may arise during the course of the plan. The Plan duration shall be extended to the extent necessary to repay all refunds granted.

J. **PAYMENTS TO RETIREMENT ACCOUNT.** If the Plan is Confirmed as a 100% Plan for unsecured creditors, and is ever modified to reduce such dividend below 100%, and the Debtor(s) is/are making voluntary contributions to a 401(k) or similar plan, the Debtor hereby agrees to the following:

a) Current contributions to the 401(k) or similar plan shall cease on the date the Chapter 13 Plan is modified to a less than 100% Plan, and the Debtor's payment to the Chapter 13 Plan shall increase by that amount, and,

b) The Trustee has a reserved right to bring any action pursuant to the Trustee's avoidance powers as defined by the Code, with respect to pre-petition or post-petition contributions and/or loan repayments made from the inception of the case until amended to a less than 100% Plan. The Debtor(s) agree(s) that the provisions of 11 U.S.C. §546 are expressly waived if the Plan is modified after two years after the entry of the Order for Relief.

II. **TREATMENT OF CLAIMS**

A. **ADMINISTRATIVE PRIORITY CLAIMS.** Debtors shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 U.S.C. §507.

1. The Trustee shall be paid the percentage fee set forth from time to time by the U.S. Department of Justice, Executive Office of the U.S. Trustee. Such fee shall be taken on all Plan receipts at the time funds are distributed by the Trustee to any party other than the Debtor.

2. The Counsel for the Debtor has received a retainer of $1,226.00 prior to the filing of the case. The balance of attorney fees in the amount of $1,774.00 plus any additional attorney fees as may be allowed are to be paid as an administrative expense through the Plan. After Trustee fees and prior to ongoing monthly payments to creditors, Counsel for the Debtors shall be paid a minimum of $250.00 upon confirmation and 10% of subsequent Plan disbursements to creditors thereafter until paid in full. To the extent there are insufficient funds to pay the secured claims the attorney fees will not be paid until secured claims are paid as defined by the Plan.

B. **OTHER PRIORITY CLAIMS.**

1. **Other Priority Claims** within this class (allowed claims entitled to priority §507) shall be paid in full, in deferred cash payments, subsequent to the payment of all secured claims. These claims consist of the following creditors:

   **NAME**                                **AMOUNT**

2. **Pre-petition claims of Friend of the Court,** alimony or other child support arrears shall be paid within the Plan by the Trustee. These claims consist of the following creditors:

   **NAME**                                **AMOUNT**

3. **Other Priority Payments Provisions:**

C. **SECURED CREDITORS**

1. **Debtor's Principal Residence – Mortgage:**

   a) Creditor, _____, shall retain its lien on the real property. The Creditor shall be paid its regular monthly payment estimated to be $_____ in the following manner:

   ( ) 1) Payments directly by the Debtor to the creditor, as the Debtor is current on the payments

3

( ) 2)   Payments through the Plan commencing with the first payment due on _____ or subsequent to the first date set for hearing on Plan Confirmation and ( ) prior to or ( ) pro-rata with monthly payments to other secured creditors, if any.

3)   Estimated arrearage is $_____. Any claim filed for an arrearage shall be paid over a reasonable period of time.

4)   If the regular monthly payment is being made by the Trustee, upon notification by the mortgage holder or land contract holder of any payment increase caused by a variable rate change or escrow modification, the Trustee is authorized to automatically increase the plan payment by an amount sufficient to cover the increased mortgage/contract payment and the additional Trustee's fees thereon. The Trustee shall amend any wage order in place to include this increase, with notice to the employer, debtor, and counsel for Debtor.

( ) 5)   The regular monthly payment ( ) does include an escrow for real property taxes; or ( ) does not include an escrow for insurance and real property taxes.

   **b)**   Creditor, _____ shall retain its lien on the real property. The Creditor shall be paid its regular monthly payment estimated to be $_____, in the following manner:

( )   1) Payments directly by the Debtor to the creditor since the Debtor is current on the payments.

( )   2) Payments through the plan commencing with the first payment due on _____ or subsequent to the first date set for hearing on Plan Confirmation and ( ) prior to or ( ) pro-rata with monthly payments to other secured creditors, if any.

3) Estimated arrearage is $_____. Any claim filed for an arrearage shall be paid over a reasonable period of time through pro-rata distributions with the other secured claimants.

4) If the regular monthly payment is being made by the Trustee, upon notification by the mortgage holder or the land contract holder of any payment increase caused by a variable rate change or escrow modification, the Trustee is authorized to automatically increase the plan payment by an amount sufficient to cover the increased mortgage/contract payment and the additional Trustee's fees thereon. The Trustee shall amend any wage order in place to include this increase, with notice to the employer, debtor, and counsel for the Debtor.

5) The regular monthly payment ( ) does include an escrow for insurance and real property taxes; or ( ) does not include an escrow for insurance and real property taxes.

   **c)**   Real Property Tax Escrow:

( )   1) The Trustee will escrow $_____ per month for the payment of future property taxes on the Debtor's residence. The escrow funds will be disbursed upon the Trustee's receipt of a real estate tax bill.

2.  **Pre-Petition Real Estate Tax Claims** shall be paid pro-rata, subsequent to monthly payments on the Debtor's residence, but together with all remaining secured claims. This creditor shall retain its lien on the

real property pursuant to applicable state statute. This creditor shall be entitled to receive its statutory interest and collection fees as set forth on its proof of claim.

3.  **Other Real Property Creditors** (if any) shall be treated as follows:

    **CREDITOR**                                **DELINQUENCY AMOUNT**

4.  **Personal Property**

    a) **Collateral to be Retained:** Each secured creditor in this class shall retain its lien and shall be paid as secured to the fair market value of the underlying collateral as set forth below. Each secured creditor shall be paid pro-rata with other secured claims unless otherwise indicated below. The excess of any secured claim over the fair market value of the collateral shall be paid as a general unsecured claim. The interest rate on the secured portion of the claim shall be 7% or the contract rate, whichever is lower.

    b) **11 USC Section 1325(a)(5):** The holder of such claim shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non bankruptcy law; or discharge under section 1328; and if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable non bankruptcy law; and the value as to the effective date of the land, or property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim if payments, such payments shall be in equal monthly amounts; and the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide the holder of such claim adequate protection during the period of the plan.

| CREDITOR | COLLATERAL | FAIR MARKET VALUE | EQUAL MONTHLY PAYMENT |
|---|---|---|---|
| M & I Bank | 2006 Jeep Commander | $15,000.00 | $350.00 |
| Wells Fargo Auto | 2003 Dodge Caravan | $ 3,000.00 | $ 60.00 |
| HSBC | 2005 Yamaha Motorcycle | $ 7,000.00 | $165.00 |

Each secured creditor in this Class has a lien on a vehicle acquired for the personal use of the Debtor and the debt was incurred within 910 days; or as to other personal property acquired for personal use of the Debtor within 1 year prior to the filing of the Petition. Such a claim is not subject to cramdown and will be paid the full balance owing. However, the interest will be paid at the rate of _____% or the contract rate, whichever is lower.

**CREDITOR**        **COLLATERAL**        **FAIR MARKET VALUE**        **EQUAL MONTHLY PAYMENT**

5

**The Trustee may pay more than the equal monthly payment to this creditor should fund be available.**

5. **Relief From Stay.** If a Creditor obtains relief from the automatic stay at anytime during this proceeding the Trustee shall make no further payments to this Creditor, as to the secured claim, after receipt of an Order For Relief From Stay.

6. **Collateral to Be Surrendered**: The following collateral will be surrendered to the creditor and any deficiency shall be treated as a general unsecured claim:

**CREDITOR**                               **COLLATERAL**

D. **EXECUTORY CONTRACTS**

1. **Land Contracts** – The Debtor will assume the following land contract(s) and the pre-petition defaults on assumed land contracts shall be treated as follows:

| Creditor | Pre-Petition Arrears | Payment to Cure | Ongoing Payment |
|---|---|---|---|

The Debtor will reject the following land contract(s):

2. **Other Executory Contracts** – The Debtor has the following executory contracts, which may include tenancy leases, vehicle leases, so called rent-to-own contracts and the like which shall be treated as follows.

| **CREDITOR** | **PROPERTY OR REJECT** | **ASSUME OR REJECT** | **PAYMENT AMOUNT** | **# OF MONTHS REMAINING** |
|---|---|---|---|---|

6

E.  **UNSECURED CREDITORS.**

  1. **General Unsecured Creditors:** Claims in this class are to be paid from funds available after dividends to secured and priority creditors and monthly payments to creditors indicated in classes above. The payment to allowed to the general unsecured claimants will be satisfied by:

     (XX) a.  Payment of a dividend of 100%
     ( ) b.  Payment of a pro-rata share of a fixed amount of $_____ set aside for creditors in this class.
     ( ) c.  Payment of a dividend of at least 10% or the Applicable Commitment Period whichever pays more.
     ( ) d.  Payment a 100% plus post-petition interest (present value) of _____%.
     ( ) e.  Payment of that amount remaining after payment of superior classes as set forth above. Payment to this class shall be on a pro-rata basis. The term of the Plan shall be _____ months.

  2. **Special Unsecured Creditors:** Claims in this class may include debts co-signed by an individual other than the Debtor, debts for non-sufficient funds (NSF) checks, for continuing professional services or debts that may be non-dischargeable, such as student loans or criminal fines.

| CREDITOR TO BE PAID | REASON FOR SPECIAL TREATMENT | INTEREST RATE |
|---|---|---|
|  |  |  |

( ) a. claims of the above creditors will be paid and will be disbursed pro-rata with the unsecured creditors for the first thirty-six (36) months of the Plan and then paid in full over the remaining term of the Plan.
( ) b. The special unsecured claim of _____ shall be paid as follows:

III.  **SPECIAL PROVISIONS**

  A.  Tax Returns. All tax returns which have become due prior to the filing of this case have been filed, except as follows:

  B.  Debtor Engaged in Business.

     ( ) The Debtor is self-employed and incurs some trade credit in the production of income

     1.  11 U.S.C. Sections §1304(b) and (c) regarding operation of the business and duties imposed upon the Debtor are incorporated herein by reference.

7

2. The Debtor shall comply with the provisions of the Order Regarding Continued Business Operations entered by the Court, including but not limited to filing with the Trustee such business reports, income tax returns, and any other such documentation regarding the operation of the business as may be required by the Trustee on a monthly basis or otherwise.

## IV. OTHER PLAN PROVISION NOT SEPARATELY SET FORTH ABOVE:

### A. TRUSTEE'S AVOIDANCE POWERS.

The Debtor(s) acknowledges that both pre and post confirmation the Trustee has certain avoidance powers pursuant to Section 544, Section 545, Section 547, Section 548, Section 549, and Section 550. The Debtor(s) acknowledges that any action(s) brought by the Trustee, either pre or post confirmation, pursuant to these avoidance powers is preserved for the benefit of the Estate pursuant to Section 551. The Trustee may bring any avoidance action within the period of time set forth in Section 546.

### B. MISC. PROVISIONS:

Dated: 11-1-10

Richard Eugene Jackson                    Debtor

Diane Lynn Jackson                        Debtor

Counsel for the Debtor: _____
Thomas R. Betker  P55920
ARMSTRONG LAW OFFICE, PLLC
511 Renaissance Drive, Suite 110
St. Joseph, MI  49085
Telephone: 269/983-5777